IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>    George H. Fallon Federal Building<br>    31 Hopkins Plaza, Suite 1432<br>    Baltimore, MD 21201<br><br>                **Plaintiff,**<br><br>                v.<br><br>Design & Integration Inc.<br>    1001 Rectory Lane,<br>    Baltimore, MD 21211<br><br>                **Defendant.** | Civil Action No.<br><br><br><br><br><br>__COMPLAINT__<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Lina Lucifero, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Design & Integration, Inc. ("Defendant") unlawfully discriminated against Lucifero, a qualified individual with a disability, by denying her request for a disability-related accommodation and by terminating her employment because of her disability and in retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 107(a) and 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within the City of Baltimore in the State of Maryland with at least fifteen (15) employees. It operates a business which designs and installs audio video systems in Baltimore, Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Lucifero filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On May 21, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On June 9, 2020, Defendant indicated that it did not want to participate in the conciliation process.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On June 10, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

14. Lucifero is disabled as defined in 42 U.S.C. §12102.

    a. She suffers from anxiety and depression.

    b. These conditions cause sadness or fearfulness to the point where they interfere with the major life activities of eating and sleeping.

    c. Lucifero's depression and anxiety interfere with the major life activity of normal brain function.

d.      Lucifero's symptoms are largely controlled but she does have some lingering symptoms which increase and decrease over time.

15.     Since at least on or around September 17, 2019 Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A),(B).  These practices include denying Lucifero a reasonable accommodation and terminating her employment based on her disability and need for reasonable accommodation.

a.      Lucifero worked for Defendant at its Baltimore headquarters as a sales administrator. Her duties in this position included using a computer to research new projects, reviewing online applications for employment and conducting telephone interviews of job applicants.

b.      On or about September 17, 2019, Lucifero asked that Defendant accommodate her disability by allowing her to telework one day a week for three to four weeks.

c.      The purpose of the accommodation was to place Lucifero in a more relaxed environment to alleviate depression and anxiety symptoms that had temporarily worsened.

d.      Lucifero's job was such that it was possible for her to complete her work remotely.

e.      Defendant allowed other employees to telework.

f.      On or about September 18, 2019, Defendant refused to provide the accommodation and terminated Lucifero's employment stating that it would not have hired her had the company known about her anxiety and depression.

16. Since at least September, 2019, Defendant has engaged in unlawful employment practices in violation of Sections 503(a) and (b) of the ADA, 42 U.S.C. § 12203(a),(b). These practices include terminating Lucifero in retaliation for engaging in statutorily protected activities.

    a. On or about the late afternoon of September 17, 2019, Lucifero engaged in the statutorily protected activity of requesting a reasonable accommodation under the ADA.

    b. Lucifero requested that she be permitted to telework one day a week for three to four weeks.

    c. Defendant permitted other employees to telework.

    d. Defendant terminated Lucifero on or about the morning of September 18, 2019.

    e. The termination was in retaliation for engaging in activities protected under the ADA.

17. The effect of the practices complained of above in Paragraphs 15 and 16 has been to deprive Lucifero, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lucifero.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA;

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

D. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

E. Order Defendant to make Lucifero whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

F. Order Defendant to make Lucifero whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 and 16 above;

G. Order Defendant to make Lucifero whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

H. Order Defendant to pay Lucifero punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

I. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

J. Grant such further relief as the Court deems necessary and proper in the public interest; and

K. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON F. GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE

Regional Attorney

/S
_____
ERIC S. THOMPSON
Senior Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270