IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) | Civil Action: 20-cv-2350-ELH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Design & Integration, Inc., | ) ) | |
| Defendant. | ) ) | |
| | ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity

Commission (the "EEOC" or the "Commission"), against Defendant Design & Integration Inc.,

("Design & Integration" or "Defendant") alleging that Defendant violated Sections 102(a) and

102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A)(B) by denying Lina

Lucifero reasonable accommodation and terminating her employment based on her disability and

need for reasonable accommodation. The Commission further alleged that Defendant violated

sections 503(a) and (b) of the ADA, 42 U.S.C. § 12203(a),(b) by terminating Lucifero in

retaliation for requesting an accommodation.

The Commission and Defendant desire to resolve this action without the time and

expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree

which will promote and effectuate the purposes of the ADA. Nothing in this Consent Decree

("Decree") shall be construed to constitute a finding on the merits of the case or an admission of

1

wrongdoing by Defendant. The EEOC and Defendant (together, "Parties") have consented to this Decree to avoid the additional expense that protracted and continued litigation would involve.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1.      This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Lina Lucifero. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2.      The Decree shall be in effect for a period of four years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of four years, the duration of the Decree may be extended.

3.      This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

## Monetary Relief

4.      Within thirty days of entry of this Decree, Defendant shall pay Lina Lucifero monetary relief in the total amount of $25,000 representing $10,844.28 in back pay and

$14,155.72 in non-pecuniary compensatory and punitive damages. Defendant will issue Lucifero an IRS Form 1099 for the 2021 tax year for the compensatory damages amount and an IRS W-2 form for the 2021 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

Within five days of the execution of the Decree, the EEOC shall provide Defendant with Lucifero's current address. Defendant will send the check directly to Lucifero. A photocopy of the check and related correspondence will be mailed and emailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201, Eric.Thompson@EEOC.GOV Attention: Eric S. Thompson.

### Injunctive Relief

5.      Defendant, its officers, agents, employees and all other persons acting on its behalf and interest hereby are enjoined from terminating qualified employees based on mental health conditions except in cases where the employee requires a reasonable accommodation to perform the essential functions of the position, and no reasonable accommodation is available or Defendant can establish that doing so would pose an undue hardship or the employee poses a direct threat to the health or safety of him/herself or others.

6.      In accordance with the provisions of Title I of the ADA, Defendant is enjoined from violating the following provisions:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to… discharge of employees…. and other terms, conditions, and privileges of employment,

ADA, Title I, Section 102(a).

7.      Defendant, its officers, agents, employees and all other persons acting on its behalf and interest hereby are enjoined from refusing to allow qualified individuals with disabilities from teleworking when telework is a reasonable accommodation for the employee's disability.

8.      In accordance with the provisions of Title V of the ADA, and related regulations, Defendant is enjoined from violating the following provision:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

ADA, Title V, Section 503(a),

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

ADA, Title V, Section 503(b).

9.      Defendant, its officers, agents, employees and all other persons acting on its behalf and interest are also hereby enjoined from terminating individuals because they have requested an accommodation under the ADA.

10.     The injunction is intended to survive the life of the Consent Decree.

## Written Policies & Procedures

11.     Within 30 days of the entry of this Decree, Defendant will implement and maintain a detailed policy against disability discrimination, retaliation, coercion, interference and intimidation.

12.     The policy required by Paragraph 11, above, shall include at least the following content: (a) a statement that it is the policy of the company to provide reasonable

accommodations for qualified individuals with disabilities; (b) a discussion of the meaning of the term "disability" which makes clear that mental health conditions such as depression and anxiety may be disabilities as defined by the ADA; (c) a discussion of the meaning of the term "qualified individual;" (d) a discussion of the term "reasonable accommodation;" (e) a statement that it is the policy of the company to create a work environment free of retaliation against those who report discrimination based on disability or request reasonable accommodations; (f) a discussion of the meaning of the term retaliation.

13.     Defendant will distribute a copy of the written policies and procedures described in paragraphs 11 and 12 above to all employees within 30 days of the entry of this Decree.

## Notice and Posting

14.     Defendant will display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place visually accessible to applicants and employees of Defendant.

15.     Within 30 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by Defendant's Chief Executive Officer.

## Anti-Discrimination Training

16.     Within four months from the entry of this Decree, Defendant shall provide at least 3 hours of training on the ADA for all supervisory and management employees. The training will cover all areas of prohibited ADA employment discrimination, and will include special emphasis on disability discrimination including the denial of reasonable accommodations

to qualified individuals and the prohibition against retaliation. The training may be conducted electronically. The content of the anti-discrimination training is set forth in Appendix B. *[Defendant to draft for EEOC approval. The anti-discrimination training will cover all areas of discrimination prohibited by the ADA, with special emphasis on reasonable accommodations and retaliation.]*

      a.     The training shall be conducted by a licensed attorney with employment law experience selected by Defendant and approved by the EEOC.

      b.     Within ten business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that Respondent has complied with the training requirement set forth in paragraph 16 and its subparts.

### Additional Monitoring Provisions

     17.     For the duration of this Decree, Defendant shall maintain records of all instances in which an employee requested an accommodation. Within three months of the entry of this Decree, and every year thereafter, Defendant shall provide EEOC with a written report containing, at a minimum, the name, address, and telephone number of the person who requested the accommodation, the nature of the accommodation and a statement of whether the accommodation was granted or denied. If the request is denied the report shall further state the reason for the denial. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

     18.     In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, its records, and interviews with employees at reasonable times. Upon five business

days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC and employees sought to be interviewed by the EEOC.

19.     All materials required by this Decree to be sent to the EEOC shall be mailed and emailed to:

Equal Employment Opportunity Commission
Baltimore Field Office
Attention: Eric S. Thompson, Senior Trial Attorney
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201

Eric.Thompson@EEOC.GOV

20.     The Commission and Defendant shall bear their own costs and attorneys' fees.

21.     The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:                                    FOR PLAINTIFF:

_____ 4/21/21          Debra M. Lawrence
Cynthia L. Maskol                                     Regional Attorney
WILSON ELSER
500 E. Pratt Street, 6th Floor                     Eric S. Thompson
Baltimore, Maryland  21202                       _____
                                                              Eric S. Thompson
                                                              Senior Trial Attorney

                                                              EQUAL EMPLOYMENT OPPORTUNITY
                                                              COMMISSION
                                                              Baltimore Field Office
                                                              George H. Fallon Federal Building
                                                              31 Hopkins Plaza, Suite 1432
                                                              Baltimore, MD 21201

IT IS SO ORDERED this _____ day of _____, _____.


_____
Ellen Lipton Hollander
United States District Judge



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND DESIGN & INTEGRATION, INC.

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC)" against Design & Integration Inc. in the United States District Court for the District of Maryland.

The Americans with Disabilities Act as amended ("the ADA") makes it unlawful for an employer to discriminate against any qualified individual because of a disability. This includes discrimination in regard to the hiring, promotion or discharge of employees, and other terms, conditions, and privileges of employment. Under the ADA, the term "discriminate" also includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. In addition, the ADA prohibits retaliation against individuals who have requested reasonable accommodations.

Therefore, in accordance with the applicable law:

DESIGN & INTEGRATION INC. WILL

NOT terminate individuals based on disability.

DESIGN & INTEGRATION INC. WILL NOT fail to grant reasonable accommodations to qualified individuals with disabilities.

DESIGN & INTEGRATION INC. WILL NOT retaliate against applicants or employees who request reasonable accommodations.

Individuals are free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office George H. Fallon Federal Building 31 Hopkins Plaza, Suite 1432 Baltimore, Maryland 21201 or by calling 1-800-669-4000. General information may also be obtained on the Internet at www.eeoc.gov.

_____

DESIGN & INTEGRATION, INC.

Date Posted:_____